UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANTHONY HOLLEY,                                                    Case No. 14 CV 4403
                                        Plaintiff,                 (MKB) (JO)

                  -against-                                        **AMENDED COMPLAINT**

THE CITY OF NEW YORK, P.O. PETER                                   JURY DEMAND
LAZARE [SHIELD # 26342], P.O. JARED
FOX [SHIELD # 20052], P.O. ERNEST
KENNER [SHIELD # 8756], P.O.
FRANCISCO PINA [SHIELD # 26670], and
SERGEANT GEORGE TAVARES,
                                        Defendants.
-----------------------------------------------------------------X

Plaintiff, ANTHONY HOLLEY, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Peter Lazare [Shield # 26342], P.O. Jared Fox [Shield # 20052], P.O. Ernest Kenner [Shield # 8756], P.O. Francisco Pina [Shield # 26670] and Sergeant George Tavares (collectively, "defendants"), respectfully alleges as follows:

1.        This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

## JURISDICTION

2.        The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

3.      As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4.      Plaintiff timely made and served his notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5.      At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused.

6.      This action is commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

THE PARTIES

7.      Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

8.      At all relevant times, defendants P.O. Peter Lazare [Shield # 26342], P.O. Jared Fox [Shield # 20052], P.O. Ernest Kenner [Shield # 8756], P.O. Francisco Pina [Shield # 26670] and Sergeant George Tavares (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York.

9.      At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

10.     At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

11.          Plaintiff is suing the defendant officers in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.          On or about April 21, 2013, at approximately 1:30 p.m., defendant officers, acting in concert, arrested plaintiff without cause at or within the vicinity of 93 Bristol Street Brooklyn, New York, and charged plaintiff with violation of NYC Admin. Code § 10-161.B 'Three-card Monte Prohibited.'

13.          Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

14.          Prior to the arrest, plaintiff was merely visiting with his friend who resides nearby on Bristol Street.

15.          After forcibly grabbing the plaintiff, defendant officers tightly handcuffed the plaintiff with his hands placed behind his back.

16.          After handcuffing the plaintiff, defendant officers subjected the plaintiff to an illegal search.

17.          After falsely arresting the innocent plaintiff, defendant officers transported the plaintiff to NYPD-73rd Precinct for arrest processing.

18.          While at the precinct, plaintiff began to experience chest pains.

19.          As a result, plaintiff requested to be transported to the hospital for medical care and treatment.

20.          After a period of time, Emergency Medical Services (EMS) personnel appeared at the precinct.

21.          Upon interviewing the plaintiff, EMS personnel were informed by the plaintiff that he was experiencing chest pains and would like to be transported to the hospital for evaluation/observation and medical care and treatment.

22.          Defendant officers however stated that there was nothing wrong with the plaintiff, and insisted that the plaintiff must be evaluated and treated at the precinct and should not be transported to the hospital for any medical evaluation and/or observation.

3

23.     The EMS personnel then advised defendant officers that they could not evaluate and/or treat the plaintiff at the precinct and that the plaintiff must be transported to the hospital for medical care and treatment.

24.     Thereafter, the plaintiff requested defendant officers to give him back his sweater so he could put it on for his trip to the hospital.

25.     Immediately thereafter, defendant officers forcibly punched the plaintiff on his right shoulder knocking him down to the floor.

26.     Plaintiff who was handcuffed at the time was caused to fall backwards and landed on the floor with the handcuffs pressed against his back.

27.     Defendant officers then yanked the plaintiff up from the floor grabbing him by his waist and forcibly dragged him to the ambulance.

28.     Upon reaching the ambulance, defendant officers opened the door, forcibly dragged the plaintiff up the stairs and threw the plaintiff inside the ambulance.

29.     Plaintiff was caused to sustain serious injuries on various parts of his body as a result of the assault by defendant officers, and was subsequently transported to Brookdale University Hospital and Medical Center.

30.     Subsequently, after detaining the plaintiff for a lengthy period of time at the hospital and at the precinct, plaintiff was transported to the Central Booking to await arraignment.

31.     While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by the Kings County District Attorney's Office.

32.     During this meeting, defendant officers falsely stated to the prosecutors, among other things, that plaintiff committed the charged crime/offense(s).

33.     Based on the false testimony of the defendant officers, a prosecution was commenced against plaintiff.

34.     On or about April 23, 2013, following the plaintiff's arraignment, the case against the plaintiff was adjourned in contemplation of dismissal to October 22, 2013, pursuant to N.Y. Crim. Proc. Law § 170.55.

35.     On or about October 22, 2013, the false charge(s) levied against plaintiff was dismissed and sealed in accordance with N.Y. Crim. Proc. Law § 160.50.

36.     That each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

37.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

38.     As a result of the aforesaid actions by the defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

39.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 38 of this complaint as though fully set forth herein.

40.     The conduct of defendant officers, as described herein, amounted to false arrest, excessive use of force, malicious abuse of process, failure to intervene, deliberate indifference, cruel and inhuman treatment, cruel and unusual punishment, unlawful stop and frisk, unreasonable detention, unreasonable search and seizure, racial profiling, pattern of harassment, conspiracy, discrimination, selective enforcement, fabrication of evidence, denial of freedom of speech, first amendment retaliation, denial of equal protection of the laws, denial of right to a fair trial and denial of due process rights.

41.     Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

42.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City of New York

43.      By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 42 of this complaint as though fully set forth herein.

44.      Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

45.      Additionally, defendant City of New York, acting through Kenneth P. Thompson and the Office of the District Attorney of the County of Kings, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, the initiation and/or prosecution of criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

46.      Defendant City of New York, acting through aforesaid NYPD and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in narcotics, drugs, guns and/or other illicit activities.

6

47.     Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

48.     In addition to the named individual defendants, several officers of the NYPD assigned to the NYPD-73rd Precinct -- as the named individual defendants -- routinely make unlawful arrests charging innocent citizens with various crimes and/or offenses.

49.     That most of the arrests and charges made by officers assigned to the NYPD-73rd Precinct are usually voided and/or dismissed by prosecutors for lack of evidence.

50.     Defendant City of New York has settled numerous lawsuits brought in this district against several officers assigned to the NYPD-73rd Precinct concerning similar arrests and/or charges as those described herein.

51.     That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

52.     The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

53.     By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

THIRD CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12

54.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 53 of this complaint as though fully set forth herein.

55.     By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

56.     In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

57.     Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

58.     Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

FOURTH CAUSE OF ACTION: OTHER NEW YORK TORTS

59.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 58 of this complaint as though fully set forth herein.

60.     The conduct of the defendants, as described herein, amounted to false arrest/imprisonment, assault and battery, unlawful stop and frisk, unreasonable search and seizure, unreasonable detention, negligence, defamation, conspiracy, breach of special duty or relationship, loss of consortium, harassment, tortuous interference, abuse of power, fraud, trespass, negligent and intentional emotional distress and negligent hiring and retention of defendant officers.

61.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

WHEREFORE, plaintiff respectfully prays judgment as follows:

   a.     For compensatory damages against all defendants in an amount to be proven at trial;

   b.     For exemplary and punitive damages against all defendants in an amount to be proven at trial;

   c.     For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

   d.     For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

   Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       December 11, 2014

                                             UGO UZOH, P.C.

                                                     /s/

                                             _____

                                    By:     Ugochukwu Uzoh (UU-9076)
                                             Attorney for the Plaintiff
                                             304 Livingston Street, Suite 2R
                                             Brooklyn, N.Y. 11217
                                             Tel. No: (718) 874-6045
                                             Fax No: (718) 576-2685
                                             Email: u.ugochukwu@yahoo.com